UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE HILL, | No. 2:15-cv-2017-GEB-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PAT MCCRORY, et al., | |
| Defendants. | |

Plaintiff Connie Hill, proceeding without counsel, commenced this action on September 24, 2015, and paid the filing fee. (ECF No. 1.) That same day, the court issued an "Order Setting Status Conference." (ECF No. 3.) The order directed plaintiff to "complete service of process on defendants named in the complaint within 120 days from the date of this order. Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date that the complaint is filed.  See Fed. R. Civ. P. 4(m)." (Id. at 1.)

That same order set a status (pre-trial scheduling) conference for January 28, 2016, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel." (ECF No. 3 at 2.) The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference. (Id. at 2-3.) The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may

1

result in dismissal of this action.  This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules."  (Id. at 3.)

No status report was filed prior to the status conference, and plaintiff also failed to appear at the status conference as ordered.  Additionally, no defendant has yet appeared in this case, and there has been no docket activity by plaintiff since the complaint was filed.  Such inactivity strongly suggests that plaintiff has not yet served defendants with process, even though the 120-day period for service of process has now expired.

Based on plaintiff's numerous failures, the court considered whether the action should be dismissed.  Nevertheless, in light of plaintiff's *pro se* status and the court's general preference to resolve actions on their merits, the court first attempted lesser sanctions in the form of an order to show cause and monetary sanctions.  More specifically, on January 29, 2016, the court ordered plaintiff, based on plaintiff's failure to comply with the court's prior orders, failure to appear at the status conference, and failure to prosecute the case, to:  (1) pay the Clerk of Court $250.00 in monetary sanctions; and (2) show cause in writing why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) no later than 14 days from the date of that order.  (ECF No. 5.)  Plaintiff was specifically cautioned that failure to timely comply with the order would result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

Although the applicable deadline has now passed, plaintiff failed to pay the monetary sanctions and failed to respond to the order to show cause.  Therefore, the court recommends dismissal at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal,

>
> judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53.  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

(9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's orders and failure to prosecute her case have unreasonably delayed the progress of this litigation. The third Ferdik factor also favors dismissal. Although the defendants have not yet appeared in the case, they have been named in a civil action, and plaintiff's failure to prosecute the case has hampered defendants' ability to move this case forward towards resolution.

Additionally, the fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal. As noted above, the court has already attempted less drastic sanctions – monetary sanctions and the issuance of an order to show cause – prior to recommending dismissal. However, plaintiff ultimately failed to pay the sanctions and failed to respond to the order to show cause. Furthermore, the court finds no suitable alternative to dismissal at this juncture. Given plaintiff's complete failure to respond to the court's prior orders and instructions, the imposition of further monetary sanctions would be futile, and the court is unable to frame any meaningful issue or evidentiary sanctions based on the limited record before it.

Finally, the court finds that the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute her case. In any event, the court finds that the fourth Ferdik factor is outweighed by the other Ferdik factors.

Consequently, dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to vacate all dates and close this case.

////

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  February 29, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE